UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
ROXANNE PURCELL, ESTATE OF
GARLAND TYREE, JR., and K.A.B.,

           Plaintiffs,

- against -

CITY OF NEW YORK; JOHN DOE, New
York Police Department; COLLEEN
KAVANAGH, Assistant United States
Attorney; JOHN DOE, Bureau of Alcohol,
Tobacco, Firearms and Explosives; and
JAMES HAYES, Fire Department of N.Y.,
Engine 158,

           Defendants.
---------------------------------------------------X

**MEMORANDUM & ORDER**
18-CV-3979 (PKC)(RLM)

PAMELA K. CHEN, United States District Judge:

Plaintiff Roxanne Purcell ("Plaintiff")[1], proceeding *pro se*, brings this action asserting claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 for the limited purpose of this Order. For the reasons stated herein, Plaintiff's claims and the claims asserted on behalf of K.A.B. are dismissed. Plaintiff is granted thirty (30) days' leave from the date of this Order to file documentation in support of her eligibility to proceed *pro se* on behalf of her deceased son's estate.

## BACKGROUND

Plaintiff has filed two prior civil rights lawsuits regarding her deceased son Garland Tyree, Jr. ("Tyree"), the first involving his 2002 arrest and subsequent conviction, and the second

---

[1] Plaintiff names her deceased son Garland Tyree, Jr.'s estate and a minor child, "K.A.B.", presumably her grandchild, as additional plaintiffs. As explained *infra*, Plaintiff cannot represent these additional plaintiffs at this time.

regarding his death in 2015 after being shot by New York City Police Department ("NYPD") police officers. The instant complaint names additional defendants but mostly repeats the allegations contained in the two prior complaints, the second of which was dismissed with leave to amend. *See Purcell for Estate of Tyree v. Bureau of Alcohol, Tobacco, & Firearms,* No. 17-CV-2742 (PKC)(RLM), 2017 WL 3700894 (E.D.N.Y. Aug. 25, 2017) (dismissing Plaintiff's first lawsuit with prejudice); *Purcell v. New York Police Dep't*, No. 17-CV-5673 (PKC)(RLM), 2017 WL 4792236 (E.D.N.Y. Oct. 23, 2017) (dismissing Plaintiff's second lawsuit with leave to amend).

## LEGAL STANDARD

Plaintiff's complaint is subject to review under 28 U.S.C. § 1915(e)(2)(B). Pursuant to the *in forma pauperis* statute, a district court shall dismiss a case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The Court must grant leave to amend the complaint if a liberal reading of the complaint "gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## DISCUSSION

### A. Claims Brought on Behalf of K.A.B.

Plaintiff purports to bring claims on behalf of Tyree's estate and K.A.B., whom the Court presumes is Tyree's child and thus Plaintiff's grandchild. With respect to K.A.B., it is well-settled that *pro se* litigants cannot represent others. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf[.]"). Thus, a non-attorney parent or grandparent cannot appear on behalf of a minor child. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child."). Therefore, Plaintiff cannot represent her grandson, unless she is an attorney. Accordingly, all claims made on behalf of K.A.B. are dismissed without prejudice to renewal should K.A.B. be represented by counsel.[2]

### B. Claims Brought on Behalf of the Estate of Garland Tyree, Jr.

With respect to Tyree's estate, a non-attorney administrator or executor of an estate may not proceed *pro se* in litigating an interest specific to the estate where the estate has beneficiaries or creditors other than the representative. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). However, where the administrator of the estate is also its sole beneficiary *and* where the estate has no creditors, the administrator may appear *pro se* on behalf of the estate. *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010) ("Because the administrator is the only party affected by the disposition of the suit, he is, in fact, appearing solely on his own behalf. This being so, the dangers that accompany lay lawyering are outweighed by the right to self-representation[.]").

---

[2] The Complaint alleges that K.A.B. was stranded in New York City and suffers mental health issues following Tyree's death that the State of Delaware is failing to address. The Court notes that these allegations do not state a claim for violation of K.A.B.'s constitutional rights.

3

Here, Plaintiff has not established that she can represent her Tyree's estate. She has not affirmed that she is the only beneficiary of her son's estate, nor identified whether there are creditors with continuing claims on the estate.[3] In order to demonstrate that she is entitled to appear *pro se* on behalf of Tyree's estate, Plaintiff must affirm that no creditors have any claim on the estate. She must also produce a will naming her as his only beneficiary or, if Tyree died intestate (meaning that no will exists), she must submit letters of administration or other probate documents indicating that Tyree had no spouse or child and no other parent who could be a beneficiary of the estate. *See Temple v. Arquitt*, No. 15-CV-6116 (FPG), 2018 WL 3349266, at *4 (W.D.N.Y. July 9, 2018) (holding that where a civil rights plaintiff was deceased and the sister of the deceased plaintiff wished to continue the action on behalf of the deceased plaintiff's estate, the court directed the sister to submit evidence demonstrating that she was the primary distributee of the estate and did not represent the interest of any beneficiaries or creditors whom the outcome of the case might impact). If other beneficiaries exist in this case, Plaintiff must demonstrate that they have disclaimed all legal rights in the estate. *See Schaut v. D.H.H.S.*, No. 14-CV-910 (TJM), 2015 WL 4391277, at *4 (N.D.N.Y. July 14, 2015) ("The only way Plaintiff could proceed *pro se* as the administrator of [an] estate is for [other beneficiaries of an intestate decedent] to disclaim any of their legal interests in [the] estate.").[4]

---

[3] Plaintiff requests to be appointed "personal representative" of Tyree's estate. (Dkt. 1, at ECF 9.) That is not an appointment this Court can make. In New York State, that appointment would be made by the appropriate Surrogate's Court. In any case, such appointment would not be sufficient for the personal representative to proceed *pro se* on behalf of the estate where other beneficiaries or creditors also have interests in the estate. In her complaint, Plaintiff states that a claim was filed on November 10, 2015 on behalf of her son's estate under New York law and that she authorized an attorney to handle her son's estate and affairs. (*Id.*) However, Plaintiff does not indicate where the claim was filed or describe any additional proceedings.

Accordingly, in order to proceed *pro se* on behalf of Tyree's estate,[5] Plaintiff must demonstrate that she is the sole beneficiary of the estate and that no creditors have any claims on the estate. Alternatively, Plaintiff may seek counsel to proceed on behalf of the estate.[6] The Court grants thirty (30) days from the date of this Order within which to comply with this directive. If Plaintiff fails to submit documentation or secure the assistance of counsel within thirty days, the complaint will be dismissed.[7]

**C. Plaintiff's Claims**

Plaintiff's allegations that she suffered mental and financial harm as a result of Tyree's death and seeing images of her son's lifeless body posted on social media, as well as her requests for copies of a warrant or other documents related to his death from state and city agencies, were

---

[4] This means that, if, in fact, K.A.B. is Tyree's son, Plaintiff might be precluded from representing Tyree's estate. *See Temple*, 2018 WL 3349266, at *4; *Schaut*, 2015 WL 4391277, at *4.

[5] Plaintiff may only bring claims on behalf of Tyree's estate related to his 2015 death. Plaintiff is reminded that the Court previously determined that any claims regarding Tyree's 2002 arrest and conviction are time-barred. *Purcell for Estate of Tyree*, 2017 WL 3700894, at *1.

[6] The Court notes these legal principles were explained to Plaintiff in *Purcell v. New York Police Dep't*, and that Plaintiff failed to allege in her Amended Complaint in that case that she was Tyree's personal representative. 2017 WL 4792236, at *2 n.1.

[7] Plaintiff is reminded that the statute of limitations for civil rights actions in New York State is three years. *See Owens v. Okure*, 488 U.S. 235, 249-51 (1989) (courts deciding claims under § 1983 should "borrow" the State statute of limitations for personal injury actions); N.Y. C.P.L.R. § 214 (the statute of limitations for personal injury actions in New York is three years). Tyree was killed on August 14, 2015, and the instant action was filed on July 10, 2018. (Dkt. 1.) Should Plaintiff secure counsel or be able to establish her eligibility to proceed *pro se* on behalf of the estate as described in this Order, her claims under the instant docket number would relate back to the initial filing date of July 10, 2018, and thus appear to be timely. *See* Fed. R. Civ. P. 15(c)(1)(B). However, any new action commenced after August 14, 2018 may be untimely under the three-year statute of limitations.

previously raised and dismissed in Plaintiff's prior action in this Court. *See Purcell*, 2017 WL 4792236, at *1. These claims are all precluded by *res judicata* and collateral estoppel.

The doctrines of collateral estoppel and *res judicata*, "protect parties from having to relitigate identical claims or issues and . . . promote judicial economy." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998). "Collateral estoppel bars a party from raising a specific factual or legal issue in a second action when the party had a full and fair opportunity to litigate the issue in a prior proceeding." *Id*. *Res judicata* bars subsequent litigation if: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999). Accordingly, these claims are all precluded by *res judicata* and collateral estoppel.

To the extent that Plaintiff's complaint can be construed as seeking the disclosure of documents from federal agencies, such as the United States Attorney's Office, the Bureau of Alcohol, Tobacco, Firearms and Explosives, or the Federal Bureau of Investigations, the Court lacks jurisdiction to review this claim. The federal Freedom of Information Act, 5 U.S.C. § 552, *et seq*. ("FOIA") created a judicially enforceable public right of access to some information collected by federal agencies. FOIA requests must be made to the specific federal agency, may be administratively appealed to the head of the agency, and ultimately are appealable to federal courts. 5 U.S.C. § 552(a)(4)(B). Federal court jurisdiction "is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records," *Kissinger v. Reporters Committee for*

*Freedom of the Press*, 445 U.S. 136, 150 (1980) (internal quotation marks omitted), and the requester must first exhaust available administrative remedies, *Ruotolo v. Department of Justice*, 53 F.3d 4, 8 (2d Cir. 1995). In this case, Plaintiff has not alleged that she filed a FOIA request with a federal agency, that such request was initially denied, or that she exhausted her administrative remedies.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for purpose of this Order. Plaintiff's claims are dismissed under the doctrines of *res judicata* and collateral estoppel, in light of their previous disposition in *Purcell v. New York Police Dep't*, No. 17-CV-5673. Plaintiff's request for documents from federal agencies under the Freedom of Information Act is dismissed for lack of jurisdiction. Because Plaintiff cannot proceed *pro se* on behalf of another plaintiff, Plaintiff's claims on behalf of K.A.B. are dismissed without prejudice to renewal by an attorney.

Plaintiff has not established her eligibility to proceed *pro se* on behalf of the estate of Garland Tyree, Jr. Accordingly, she is granted thirty (30) days from this Order within which to secure the services of an attorney to represent the estate or to demonstrate that she is the sole beneficiary of the estate and that no creditors have any claims on the estate.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
August 6, 2018