**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
ROXANNE PURCELL,

                                   **Plaintiff,**

                                                                              **MEMORANDUM AND**
                                                                              **ORDER**

         **-against-**
                                                                              **18-CV-03979 (PKC)**

**CITY OF NEW YORK, et al.,**

                                   **Defendants.**
----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

         Currently pending before this Court is a letter dated March 4, 2019, from *pro se*

plaintiff Roxanne Purcell ("plaintiff"), requesting "all Disciplinary action Records, and all

Mental Health Records[,]" for six named detectives and one named sergeant with the New

York City Police Department, "and whoever else [may be] involved" in the death of plaintiff's

son.   See Letter Motion for Discovery (docketed Mar. 7, 2019), Electronic Case Filing

Docket Entry ("DE") #36.[1]   Defendants oppose the request, noting first that plaintiff failed to

serve on defense counsel a written request for documents pursuant to Rule 34 of the Federal

Rules of Civil Procedure, and failed to confer with defense counsel to resolve this discovery

dispute; defendants also argue that the requests are improper and that discovery should be

stayed until the District Court has resolved the issue raised by defendants regarding subject

matter jurisdiction.   See Response in Opposition (Mar. 18, 2019) ("Def. Opp."), DE #38.

         Given plaintiff's *pro se* status, the Court declines to deny her discovery requests based

---

[1] Although the docket clerk titled plaintiff's letter as a "Letter Motion for Discovery," it is unclear
whether the *pro se* submission was intended to be a motion addressed to the Court or a request for
production of documents addressed to defendants.   That ambiguity does not, in any event, impact this
Court's ruling.

on the procedural objections raised by defendants, particularly since it is unclear whether plaintiff even intended to file a motion to compel, as opposed to a Rule 34 demand for documents.[2]   As for defendants' substantive objections, the Court agrees with defendants that plaintiff's discovery demands are "overbroad" in that they seek all disciplinary action and mental health records, "without limitation as to time or subject matter."   Def. Opp. at 2.

Consistent with common practice in this district, this Court limits the demand for "disciplinary action records" to those pertaining to incidents within 10 years preceding the date of the incident complained of, and only to the extent that such complaints or charges relate to the use of excessive force[3] or are related to veracity.   Defendants have agreed to produce such disciplinary records for the named officers "[s]ubject to a confidentiality agreement[.]" Id.   At the initial conference on March 7, 2019, this Court directed the parties to confer concerning the language of a confidentiality stipulation.   See Minute Entry (Mar. 7, 2019), DE #35.   Despite the passage of more than one month, no such stipulation has been filed. Defendants are directed to file Corporation Counsel's standard confidentiality order by April 11, 2019, and to serve copies of the aforesaid disciplinary records on plaintiff by April 17, 2019, subject to the confidentiality order.

As for the mental health records demanded by plaintiff, defendants are correct that such

---

[2] See *supra* note 1.   If the latter, plaintiff is advised that discovery requests and other discovery materials should not be routinely filed with the Court.

[3] Defendants propose limiting such records to those involving the "use of deadly force" or relating to veracity.   Def. Opp. at 2.   This Court concludes that records relating to allegations of the use of excessive force – whether or not deadly – should be produced.

documents are protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA").  <u>See</u> Def. Opp. at 2.   Absent a more particularized showing by plaintiff as to the relevance of the officers' mental health records, the Court declines to order them produced.

Finally, defendants move to stay all discovery until defendants' dispositive motion has been fully briefed, submitted and decided.   <u>See</u> Def. Opp. at 3.   In so doing, it is defendants who ignore this Court's Individual Rules, as they have neither attempted to resolve this issue with plaintiff, nor have they docketed their application into ECF as a motion event. Therefore, defendants' request for a stay of discovery is denied without prejudice.

**SO ORDERED.**

**Dated:     Brooklyn, New York**
           **April 9, 2019**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**