**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**ROXANNE PURCELL,**

$\qquad\qquad\qquad\qquad$ **Plaintiff,** $\qquad\qquad\qquad\qquad$ **MEMORANDUM**
$\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ **AND ORDER**

$\qquad\qquad$ **-against-** $\qquad\qquad\qquad\qquad\qquad\qquad$ **18-CV-3979 (PKC)**


**CITY OF NEW YORK, et al.,**

$\qquad\qquad\qquad\qquad$ **Defendants.**
-------------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

In a letter dated April 10, 2019, defendants move, over the objection of *pro se* plaintiff

Roxanne Purcell, to stay all discovery pending resolution of defendants' motion to dismiss, see

Motion To Stay (Apr. 10, 2019), Electronic Case Filing Docket Entry ("DE") #44, which is

scheduled for oral argument before Judge Chen on June 13, 2019, see Order (Apr. 15, 2019).

The pendency of a dispositive motion "is not itself an automatic ground for a stay." Joglo

Realities Inc. v. Dep't of Envtl. Conservation, 16 CV 1666 (ARR)(CLP), 2016 WL 11480895,

at *2 (E.D.N.Y. Oct. 17, 2016). Rather, the court, in exercising its discretion, "must look at

the particular circumstances and posture of the case to determine whether a stay of discovery is

warranted." Id. (collecting cases).

Here, having considered the circumstances of this case, the Court grants defendants'

motion for a stay of discovery. In particular, the Court notes that plaintiff Purcell still has not

provided the Court with the requisite assurance that she is willing to comply with her

confidentiality obligations. At the initial conference on March 7, 2019, this Court directed the

parties to confer regarding the language of a confidentiality stipulation. See Minute Entry

(Mar. 7, 2019), DE #35.  Plaintiff failed to do so, prompting the Court to direct defense counsel to file a standard confidentiality order, see Memorandum and Order (Apr. 9, 2019) at 2, DE #43, which the Court modified and approved on April 12, 2019, see Order (Apr. 12, 2019), DE #46.  In doing so, the Court directed plaintiff to serve and file a written statement agreeing to comply with the terms of the Court's Order of Confidentiality, and ruled that defendants would not be required to disclose to plaintiff any materials designated as confidential until plaintiff served and filed such a statement.  See id.  On April 22, 2019, plaintiff filed a letter stating that she was "not considering putting anything on social media" but did intend to send the materials to "someone in Kingston Jam[a]ica that's helping me out . . . ."  Letter from Roxanne Purcell (Apr. 22, 2019) at 2, DE#48.  The disclosure of confidential materials to such a person, who is neither plaintiff's attorney nor a retained expert or consultant, would violate the Order of Confidentiality.  As plaintiff has thus failed to assure the Court that she is prepared to comply with her confidentiality obligations, the Court grants defendants' motion to stay discovery.

**SO ORDERED.**

**Dated:**   **Brooklyn, New York**
        **May 14, 2019**

/s/        *Roanne L. Mann*

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**