UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ROXANNE PURCELL *ex rel* ESTATE OF
GARLAND TYREE JR.,

                               Plaintiff,

                   - against -

CITY OF NEW YORK; JAMES HAYES;
ANTHONY LISI; SHAWN MCLAUGHLIN;
ROBERT REED; MATTHEW GRANAHAN;
ROBERT SCHIERENBECK; NOAH
MOLINA; and RICHARD COLANGELO,

                               Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-3979 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

Roxanne Purcell brings this action on behalf of the Estate of Garland Tyree Jr. ("the Estate"), alleging violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments by staff at the New York City Office of the Chief Medical Examiner ("OCME") and officials from the New York City Police Department ("NYPD") and New York City Fire Department of New York ("FDNY"), in connection with the death of her son, Garland Tyree Jr. ("the Deceased") on August 15, 2015. (Second Amended Complaint[1] ("SAC"), Dkt. 58-1, at ECF[2] 4–9.) Currently pending before the Court is the motion to dismiss Plaintiff's amended complaint for lack of standing, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1), brought by Defendants City of New York and the named NYPD Officers (collectively "the NYPD Defendants").

---

[1] The Court finds that the operative complaint in this matter is the proposed amended complaint submitted by Plaintiff on October 24, 2019. (SAC, Dkt. 58-1; *see also* Dkt. 58 (including a cover letter from Plaintiff and the documentation from the Richmond County Surrogate's Court as part of Plaintiff's complaint).)

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

(Defendants' Motion to Dismiss ("MTD"), Dkt. 60; *see also* Defendants' Supplemental Letter ("Defs.' Supp."), Dkt. 66.)  For the reasons contained herein, the Court denies the NYPD Defendants' motion to dismiss.[3]

As required by the *in forma pauperis* statute, 28 U.S.C. § 1915, the Court also reviews Plaintiff's newly added claims as to staff of the OCME, Defendants Dennis Cavalli, Florlana Persechino, and Nicola Zuill (collectively the "OCME Defendants"), and dismisses them for failure to assert a claim upon which relief may be granted.

## BACKGROUND

On August 15, 2015, the Deceased barricaded himself in his apartment at 15 Destiny Court in Staten Island.[4]  (SAC, Dkt. 58-1, at ECF 6.)  From approximately 5:55 a.m. to 11:45 a.m., the NYPD's "SEU" team negotiated with him and "his love[d] one." (*Id.* at ECF 7.)  The NYPD also flew Plaintiff, his mother, from Delaware to the scene to assist with the negotiation efforts.  (*Id.*)  At some point during this incident, four shots were heard, and the Deceased died.  (*Id.*)  The NYPD and FDNY officials then refused to provide the Deceased's family with information pertaining to the fatal shooting and did not produce a warrant.  (*Id.*)  On the afternoon of August 15, 2015, at approximately 12:15 p.m., a chief from the FDNY's Emergency Medical Services contacted the

---

[3] The Court acknowledges that this result is contrary to the Court's suggestion about the likely outcome of Defendants' motion to dismiss the amended complaint at oral argument on the motion, held on February 6, 2020.  However, as discussed herein, with the benefit of further reflection and analysis of the law, the Court has determined that dismissal for lack of standing is inappropriate.

[4] For purposes of this Memorandum & Order, the Court assumes the truth of Plaintiff's nonconclusory, factual allegations.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

OCME[5] regarding the removal of the Deceased's body from the scene of the shooting. (*Id.*) The OCME refused to grant removal authorization because the death was a "police involve[d] shooting." (*Id.*) Sometime thereafter, NYPD forensic investigators and the bomb squad "began to process and search the deceased [and] scene." (*Id.* at 9.) There were no weapons found. (*Id.*) At some point officials from the OCME listed the cause of death as a "suicide (shot by police)," but "the manner of death is currently pending." (*Id.*)

This case is the third civil rights lawsuit that Plaintiff has filed regarding her son. *Purcell v. City of New York*, No. 18-CV-3979 (PKC) (RLM), 2018 WL 3733941, at *1 (E.D.N.Y. Aug. 6, 2018). Plaintiff initiated the first case on behalf of herself and the Estate on May 4, 2017, raising allegations pertaining to Plaintiff's 2002 arrest and subsequent conviction. *See Purcell for Estate of Tyree v. Bureau of Alcohol, Tobacco, & Firearms*, No. 17-CV-2742 (PKC) (RLM), 2017 WL 3700894, at *1 (E.D.N.Y. Aug. 25, 2017). As required by 28 U.S.C. § 1915(e)(2)(B), this Court reviewed Plaintiff's complaint, and dismissed it for, *inter alia*, lack of standing and because it was barred by the statute of limitations. *Id.* at *5. Plaintiff filed her second case on September 27, 2017, against the NYPD, based on allegations relating to her son's death. *Purcell v. N.Y. Police Dep't*, No. 17-CV-5673 (PKC) (RLM), 2017 WL 4792236 (E.D.N.Y. Oct. 23, 2017). This Court found that Plaintiff had not timely filed an action on her own behalf but granted her leave to amend if she was properly appointed as the representative of the Estate. *Id.* at *3; *see also id.* at *2 n.1 (describing the circumstances under which Plaintiff could bring a Section 1983 claim on behalf of the Estate).

---

[5] The Court assumes that Plaintiff's use of "OCME" in the Second Amended Complaint refers to the Office of the Chief Medical Examiner given the context and job titles of the newly added OCME Defendants.

Plaintiff brought this case on July 10, 2018 on behalf of herself, the Estate, and her grandchild, K.A.B. Jr. (Complaint, Dkt. 1.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), the *in forma pauperis* statute, this Court conducted a review of the complaint, and on August 6, 2018 dismissed the claims Plaintiff brought on her own behalf and on behalf of her grandchild, K.A.B. Jr. *Purcell*, 2018 WL 3733941, at *1, 3. With respect to the claims brought on behalf of the Estate the Court found that Plaintiff "ha[d] not established that she can represent her [son] Tyree's estate" as "[s]he has not affirmed that she is the only beneficiary of her son's estate, nor identified whether there are creditors with continuing claims on the estate." *Id.* at *2. The Court then granted Plaintiff thirty days to either secure the services of an attorney to represent the Estate or demonstrate that she meets the criteria to proceed on behalf of the Estate. *Id.* at *4.

On September 4, 2018, Plaintiff asked for an extension of time to file documentation to demonstrate that she meets the criteria to represent the Estate. (Dkt. 6.) The Court granted that request on September 5, 2018. (Order, Sept. 5, 2018.) On September 19, 2018, Plaintiff filed motions for discovery and the appointment of counsel (Dkts. 7, 8), both of which were denied by the Court on September 25, 2018 (Order, Sept. 25, 2018). On October 11, 2018, Plaintiff wrote a letter to the Court asking how she could proceed with her case "when the court won't help me get the documents." (Dkt. 9.) On October 16, 2018, the Court responded to Plaintiff's letter, reiterating its August 6, 2018 decision and explaining the criteria Plaintiff needed to satisfy to proceed with her case on behalf of the Estate. (Dkt. 10.) Plaintiff made another motion to appoint counsel on October 26, 2018 (Dkt. 12), which the Court denied on November 6, 2018 (Order, Nov. 6, 2018).

In the interim, on October 26, 2018, Plaintiff wrote a letter to the Court stating that the Deceased did not have a will, that there were no other beneficiaries eligible to receive an

4

inheritance upon the death of the Deceased; and that she was not aware of any creditors to the Estate. (Dkt. 11.) In response, on November 9, 2018, the Court issued an Order that, *inter alia*, extended Plaintiff's *in forma pauperis* status for all purposes in the case and requested that, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the New York City Law Department and United States Attorney's Office for the Eastern District of New York produce any information regarding the identities and addresses of the John Doe city officers and federal agents alleged to have been involved in the underlying incident. (Dkt. 13.) The New York City Law Department responded to the *Valentin* Order on December 7, 2018, naming seven NYPD Officers involved in the death of Garland Tyree, Jr. (*Valentin* Letter, Dkt. 16, at 1.) Thereafter, the Clerk of Court issued summonses to those NYPD Officers. (*See* Dkts. 26–32.)

On March 15, 2019 the NYPD Defendants filed a letter requesting a pre-motion conference to dismiss this case pursuant to FRCP 12(b)(1). (Dkt. 37.) The Court construed that request as a motion to dismiss (Order, Apr. 1, 2019), which was fully briefed on April 4, 2019 (*see* Dkts. 39–42). The Court held oral argument on that motion on June 13, 2019, and for the reasons stated on the record, dismissed Plaintiff's case for lack of subject matter jurisdiction. (Minute Entry, June 13, 2019.) More specifically, the Court found that Plaintiff was unable to obtain the necessary letters of administration for the Estate, and since the Deceased has a living half-sister who would be a beneficiary of the Estate, Plaintiff could not meet the Second Circuit's requirements to proceed *pro se* on behalf of the Estate. (*Id.*) At that time, the Court also confirmed Plaintiff's account to the Court that she was told by the Richmond County's Surrogate's Court that she could not obtain letters of administration for the Estate without first obtaining an attorney—a

5

statement likely incorrect under New York law.[6] (*Id.*) On June 24, 2019, the Clerk of Court issued a judgment dismissing the case without prejudice. (Clerk's Judgment, Dkt. 54.)

Following the dismissal of her case, on August 28, 2019, Plaintiff wrote a letter to the Court enclosing Limited Letters of Administration, issued by the Richmond County's Surrogate's Court. (Dkt. 56.) In response, the Court noted that Plaintiff's submission was sufficient to establish one criteria she needed to meet to continue with the case, but that she still needed to "submit a sworn affidavit from her son's half-sister"—the other beneficiary of the Estate—"disclaiming all legal rights in the estate, or retain a lawyer to represent the interests of the estate." (Order, Oct. 17, 2019.) Plaintiff filed a letter with the Court, including a proposed amended complaint, on October 21, 2019 (Dkt. 58-1), and on November 1, 2019 submitted a notarized statement from her son's half-sister disclaiming all interest in the Estate (Dkt. 59). On November 20, 2019, this Court entered an order reopening the case, finding that "Plaintiff has now satisfied the requirements to proceed with this action." (Order, Nov. 20, 2019.)

On December 12, 2019, the NYPD Defendants sought a pre-motion conference in anticipation of filing a motion to dismiss the amended complaint. (MTD, Dkt. 60.) The Court granted that motion on December 12, 2019 (Order, Dec. 12, 2019), and later construed the motion as a motion to dismiss (Order, Jan. 22, 2020). The Court held oral argument on the motion on February 6, 2020. (Minute Entry, Feb. 6, 2020.)

---

[6] Following the March 15, 2019 conference, two members of the Court's staff, at the Court's direction, contacted the Richmond County Surrogate's Court Clerk's Office, and were informed, consistent with Plaintiff's account, that in order to obtain letters of administration, a party had to be represented by counsel. (*See* Minute Entry, June 13, 2019.) The Court surmises that this contact with the Clerk's Office, with full disclosure as to the identities of the callers as members of the Court's staff, may have helped Plaintiff subsequently obtain the Limited Letters of Administration for the Estate without the assistance of an attorney.

**LEGAL STANDARD**

**I.      Standing**

"In every federal case, the party bringing the suit must establish standing to prosecute the action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126–28 (2014). "'The irreducible constitutional minimum of standing' derives from Article III, Section 2 of the U.S. Constitution, which limits federal judicial power to 'cases' and 'controversies.'" *Natural Res. Def. Council, Inc. v. U.S. Food and Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013) (quoting U.S. Const. art. III, § 2; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

> To establish that a case or controversy exists so as to confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must suffer an "injury in fact," (b) that injury must be "fairly traceable" to the challenged action, and (c) the injury must be likely to be "redressed by a favorable decision" of the federal court.

*Id.* (internal citations omitted). The standing inquiry also consists of "prudential limitations," which "require[] that an individual assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *DiPizio v. Empire State Dev. Corp.*, 745 F. App'x 385, 387 (2d Cir. 2018) (summary order).

**II.     Requirements for Stating a Claim**

Pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint states a claim for relief if it "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however

7

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "If [a] liberal reading of the complaint gives any indication that a valid claim might be stated, the Court must give the plaintiff an opportunity to amend the complaint." *Nelson-Charles v. U.S. Dep't of Educ.*, No. 19-CV-1616 (PKC) (PK), 2019 WL 1675999, at *2 (E.D.N.Y. Apr. 16, 2019) (internal quotation marks omitted) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

## DISCUSSION

### I. Plaintiff's Standing as the Estate's Administrator

A motion to dismiss brought pursuant to FRCP 12(b)(1) should be granted "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The NYPD Defendants argue that the Court does not have the power to adjudicate this case, as a plaintiff must have standing at the commencement of suit, and, at that time, Plaintiff lacked standing because she could not show that there were no other beneficiaries or creditors to the Estate. (MTD, Dkt. 60, at 3 (citing, *inter alia*, *Fenstermaker v. Obama*, 354 F. App'x 452, 455 n.1 (2d Cir. 2009) (summary order); *Comer v. Cisneros*, 37 F.3d 775, 791 (2d Cir. 1994)).) The Court disagrees that Plaintiff, acting as the administrator of the Estate, did not have standing at the time she commenced this suit in July 2018.

There are three related but distinct concepts relevant to this motion that should be distinguished at the outset: a plaintiff's constitutional standing to sue; the real party in interest; and a plaintiff's capacity to file a lawsuit. *See Fletcher v. City of New London*, No. 16-CV-241 (MPS), 2017 WL 690533, at *3 (D. Conn. Feb. 21, 2017).

First, "[t]o satisfy Article III [constitutional] standing [to sue], a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,

8

and (3) that is likely to be redressed by a favorable judicial decision." *Sonterra Capital Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 534 (2d Cir. 2020) (internal quotation marks and citation omitted).

Second, the real-party-in-interest requirement is found within FRCP 17, and "ensures that only a person who possesses the right to enforce a claim and who has a significant interest in the litigation can bring the claim." *Fletcher*, 2017 WL 690533 at *3. FRCP 17 provides that "[a]n action must be prosecuted in the name of the real party in interest" and allows for executors or administrators to "sue in their own names without joining the person for whose benefit the action is brought." Fed. R. Civ. P. 17(a)(1)(A–B). The Rule further provides that

> [t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3). "Not every party with standing is a real party in interest, although real parties in interest usually have standing." *Fletcher*, 2017 WL 690533 at *3 (citing Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1542 (3d ed.)).

Third, a plaintiff's capacity to sue "involves a party's personal right to litigate in federal court." *Id*. "Unlike issues of subject matter jurisdiction, which can be raised at any time, lack of capacity must be raised by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." *Id.* (internal quotation marks and citations omitted). For Plaintiff to have capacity to sue on behalf of the Estate, she needed to have either secured an attorney to litigate on behalf of the Estate, or, if proceeding *pro se*, show that the Estate does not have any beneficiaries or creditors other than the litigant. *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (stating that "an administr[ator] of an estate may not proceed pro se when the

9

estate has beneficiaries or creditors other than the litigant"); *see also Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998) ("Under such circumstances, an action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors, as here, will be affected by the outcome of the proceedings. A non-lawyer representative therefore would be litigating claims that are not personal to him.").

At the time that Plaintiff commenced this suit, she was not the real party in interest in this case. FRCP 17 "specifically lists 'executors[,]' 'administrators,' and 'trustees' as examples of real parties in interest who 'may sue in their own names without joining the person for whose benefit the action is brought,' i.e., the estate or trust," *Fletcher*, 2017 WL 690533, at *3 (quoting Fed. R. Civ. P. 17), and Plaintiff did not yet fall into any of those categories. However, Plaintiff cured this deficiency on August 21, 2019,[7] when the Surrogate's Court, State of New York, Richmond County, provided her with Limited Letters of Administration, allowing her to prosecute a cause of action on behalf of the Estate. (Dkt. 58.)

Plaintiff likewise did not have the capacity to sue on behalf of the Estate at the time this litigation commenced. In their motion to dismiss, the NYPD Defendants equate Plaintiff's lack of

---

[7] In light of Plaintiff's statements at the June 13, 2019 oral argument regarding the practices of the Richmond County Surrogate's Court Clerk's Office, and the Court's independent verification of the same, the Court finds that Plaintiff could not have cured this deficiency at an earlier date. (*See* Minute Entry, June 13, 2019 ("Based on Ms. Purcell's statement to the Court that she had been told by individuals affiliated with the Richmond County Surrogate's Court that she cannot obtain letters of administration for her son's estate without first obtaining an attorney, the Court offered to contact the Richmond County Surrogate's Court to determine the process for obtaining letters of administration. Indeed, the Court's own inquiry confirmed Ms. Purcell's statement regarding the policy of the Richmond County Surrogate's Court with respect to requests for letters of administration. While the Court has not identified any New York law that requires an individual petitioning for letters of administration to be represented by counsel, the Court has no authority in this case to order the Richmond County Surrogate's Court to provide Ms. Purcell with letters of administration, nor to direct the Surrogate's Court to change its seemingly unconstitutional practice.").)

capacity with a lack of standing, which would trigger a jurisdictional defect. However, as discussed, these concepts are distinct. "Lack of capacity is generally not considered jurisdictional and is therefore waived if not specifically raised." *Fletcher*, 2017 WL 690533, at *4 (quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 936 (2d Cir. 1998)). The NYPD Defendants do not specifically raise Plaintiff's lack of capacity as a defense. (*See generally* MTD, Dkt. 60; Defs.' Supp., Dkt. 66.) Moreover, Plaintiff has since cured this defect.[8] (*See* Order, Oct. 17, 2019 (finding sufficient the Limited Letters of Administration submitted by Plaintiff on August 28, 2019); Order, Nov. 20, 2019 (reopening case after Plaintiff submitted a letter from Grace Hodge, found at Docket 59, informing the Court that she has no interest in benefitting from the Estate).)

Now that Plaintiff has demonstrated that she is both the real party in interest and has the capacity to proceed on these claims, the Court is permitting Plaintiff to substitute herself as the Administrator of the Estate for the Estate, as permitted under FRCP 17, and litigate the Estate's claims. *Cf. King v. Wang*, No. 14-CV-7694 (JFK), 2018 WL 1478044, at *5 (S.D.N.Y. Mar. 26, 2018) (finding that the person who has standing to bring a claim for a decedent is the person who is the administrator or executor of the estate, and allowing the preliminary executor to substitute under Fed. R. Civ. P. 17(a)(3)), *appeal dismissed* 2017 WL 6945552 (2d Cir. 2017); *see id.* (collecting cases supporting the proposition that "[s]everal courts in this Circuit have allowed

---

[8] The Court finds unavailing the NYPD Defendants' argument that Plaintiff failed to meet the requirements to proceed because the letter from Grace Hodge, the sole remaining beneficiary of the Estate and the Deceased's half-sister, was in the form of a notarized letter and not a formal affidavit, contrary to this Court's October 17, 2019 Order. (MTD, Dkt. 60, at 3.) The Court reiterates its November 20, 2019 Order finding the notarized letter (Dkt. 59), submitted by a *pro se* individual, sufficient to meet its requirement for a sworn statement. (Order, Nov. 20, 2019.) The Court also notes that, in their supplemental briefing, Defendants withdrew the erroneous argument that Plaintiff's grandson, K.A.B. Jr., is also a potential beneficiary of the Estate, precluding Plaintiff's ability to proceed with this case. (Defs.' Supp., Dkt. 66, at 1 n.1.)

11

substitution to replace invalid estate administrators under Rule 17(a)(3)" (internal quotation marks omitted)); *see also Garmon v. County of Rockland*, No. 10-CV-7724 (ALC) (GWG), 2013 WL 541380, at *3 (S.D.N.Y. Feb. 11, 2013) ("[A] duly appointed personal representative may bring suit on behalf of a decedent in New York." (internal quotation marks and citation omitted)). "Courts have the power to allow substitution when a mistake has been made in naming the plaintiff, including failure to prosecute in the name of the real party in interest [or] lack of capacity . . . on some of the claims." *Fletcher*, 2017 WL 690533, at *4 (collecting cases). Moreover, "[f]ederal courts have [] allowed substitution to replace invalid estate administrators." *Id.* at *5. As the *Fletcher* court explained,

> one of the foundational cases underlying Rule 17 concerned an incorrectly appointed estate administrator. The 1966 Advisory Committee notes to Rule 17 state that Section (a)(3) was "intended to insure against forfeiture and injustice—in short, to codify in broad terms the salutary principle of *Levinson v. Deupree*, 345 U.S. 648 (1953)." *Levinson* involved an estate administrator who lacked capacity to sue because he was appointed in the wrong county; under Kentucky law, the administrator's appointment was void. While Kentucky law prohibited amendment of the complaint to allege the administrator's new, correct appointment, the Supreme Court "permitted the plaintiff to amend his libel [claim] so as to allege that appointment, at a time when the applicable statute of limitations would bar a new suit." [*Id.*] at 652.

*Fletcher*, 2017 WL 690533, at *5 (alterations omitted); *see also id.* (collecting cases). These principles are exactly those that apply to the instant case.

When examining the constitutional question of standing on its own, separate from the concepts of capacity to sue or real party in interest, it is clear that the Administrator of the Estate has standing to pursue the claims alleged in the amended complaint. *Cf. Taylor v. Schaffer*, No. 14-CV-123 (JGM), 2015 WL 541058, at *5 (D. Vt. Feb. 10, 2015) (finding standing when, under Vermont law, the plaintiff belatedly established administratrix status after the filing of her complaint). "[A] personal representative sues not to obtain a remedy for an injury done to him or

12

her personally; rather, a personal representative sues on behalf of an estate. In this case, the Estate itself could trace a direct injury to the alleged acts of the [NYPD] defendants." *Fletcher*, 2017 WL 690533, at *6 (quoting *Estate of Reed v. Ponder Enters., Inc.*, No. 11-CV-554 (CSC), 2012 WL 1031487, at *4 (M.D. Ala. Mar. 27, 2012)). As the Estate's Administrator, Plaintiff is alleging that the actions of the NYPD Defendants directly caused the death of the Deceased. Those injuries are redressable through monetary damages to the Estate. *See Lujan*, 504 U.S. at 560.[9] Thus, Plaintiff, as Administrator of the Estate, has standing to bring suit against the NYPD Defendants.

---

[9] To the extent that this ruling contradicts this Court's prior determinations that Plaintiff lacked standing at the outset of suit, the Court reconsiders those rulings and finds that they were incorrectly decided. The Court accordingly vacates the Clerk's Judgment entered on June 24, 2019 (Dkt. 54). *See, e.g.*, *105 Mt. Kisco Assocs. LLC v. Carozza*, No. 15-CV-5346 (NSR), 2019 WL 6998008, at *10 n.17 (S.D.N.Y. Dec. 20, 2019) (reconsidering and revising its prior ruling *sua sponte*). The Court now finds that when it previously considered this issue, it erroneously collapsed the standing analysis with that of a plaintiff's capacity to sue, and for all the reasons previously described, the Court finds that these concepts require separate analyses and dictate a different outcome than that previously ordered by the Court.

The Court also acknowledges that there are other courts within this Circuit that have reached opposite conclusions when presented with similar facts. *See, e.g.*, *Bartone v. Podbela*, No. 17-CV-3039 (ADS) (GRB), 2018 WL 1033250, at *9 (E.D.N.Y. Feb. 23, 2018) ("[T]he Defendant's motion to dismiss the complaint pursuant to Rule 12(b)(1) is granted because the Plaintiff does not have standing to pursue his claims. The Plaintiff's claims are dismissed without prejudice, and the Plaintiff is granted leave to refile in the event that the Surrogate's Court 1) finds that the Plaintiff is a beneficiary of the Decedent's estate, or 2) names him executor or administrator of the estate, or 3) grants him limited letters of administration for purposes of prosecuting the claims on behalf of the estate."); *Heath v. Banks*, No. 15-CV-4228 (CBA) (MDG), 2016 WL 5716817, at *5 (E.D.N.Y. Sept. 30, 2016) ("Because plaintiff has not demonstrated that he himself is a duly appointed personal representative of [the decedent]'s estate, he does not have standing of his own to sue on the estate's behalf." (internal quotation marks omitted)), *aff'd* 692 F. App'x 60, 61 (2d Cir. 2017) (summary order); *Garmon*, 2013 WL 541380, at *3 ("Since Plaintiff was not named administrator of the estate, he does not have standing to bring claims belonging to the decedent."); *see also Heath*, 692 F. App'x at 61 ("Because his ability to enforce his mother's rights, which was based on his status as his mother's guardian and holder of her power of attorney, terminated upon her death, he lacks standing to bring his causes of action."). However, the Court finds that these decisions are not persuasive because they conflated, as had this Court previously, the standing analysis and the concepts of real party in interest and capacity to sue.

Finally, the Court addresses the NYPD Defendants' argument that even if Plaintiff were able to demonstrate standing, she would need to file a new action, and that failure to do so would unfairly prejudice these Defendants. (MTD, Dkt. 60, at 3.) For all the reasons the Court has already described, allowing Plaintiff to file an amended complaint does not allow Plaintiff "a second bite at the proverbial apple, circumventing the prior failure to demonstrate standing." (*Id.*) More importantly, however, allowing Plaintiff to substitute the correct party under FRCP 17 and file an amended complaint at this juncture reduces the prejudice to all the involved parties, and conserves judicial resources. Requiring Plaintiff to re-file the same claims will trigger an unnecessary litany of expenses: Plaintiff will have to re-file her complaint; the Law Department will have to re-evaluate the claims; the Court will be required to re-adjudicate Plaintiff's inevitable motion to proceed *in forma pauperis*; and the United States Marshal's Service will likely have to again serve all Defendants previously served. Moreover, it would be unduly prejudicial to a *pro se* Plaintiff who has, as previously described, faced multiple obstacles in the many years she has tried to bring this case.

For these reasons, the Court finds that Plaintiff has standing to pursue her claims against the NYPD Defendants, and those claims will proceed.

## II. Plaintiff's Failure to State a Claim as to the New Defendants

In her Second Amended Complaint, Plaintiff adds Dennis Cavalli, Nicola Zuill, and Florlana Persechino, all from the OCME. (*Compare* SAC, Dkt. 58-1, at ECF 4, *with* Complaint, Dkt. 1, at ECF 2–3, *and Valentin* Letter, Dkt. 16, at 1.) The Court finds that Plaintiff fails to state a claim upon which relief may be granted with respect to the OCME Defendants.[10]

---

[10] The NYPD Defendants' motion seeks dismissal of the claims against them solely on the basis of Plaintiff's lack of standing, pursuant to FRCP 12(b)(1), and not for failure to sufficiently state claims against the NYPD Defendants, pursuant to FRCP 12(b)(6). (*See* MTD, Dkt. 60.) However, had the NYPD Defendants raised a FRCP 12(b)(6) challenge, the Court would have

14

Plaintiff's claims for violations of her constitutional rights are cognizable under 42 U.S.C. § 1983, which provides a vehicle for redressing the deprivation of civil rights. In order to maintain a civil rights action under § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted); *see also Flynn v. James*, 513 F. App'x 37, 39 (2d Cir. 2013) (summary order). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell*, 13 F.3d at 547. Further, "in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, the Second Amended Complaint is devoid of any allegations as to Dennis Cavalli and Nicola Zuill (*see generally* SAC, Dkt. 58-1), and the Court thus dismisses the Complaint with respect to these two Defendants. With respect to Defendant Persechino, the only allegation is that he shifted his designation of the Deceased's manner of death from a suicide by the police to pending awaiting further test results. (*Id.* at ECF 9.) No constitutional violation can be plausibly inferred from this allegation, and therefore all claims against Defendant Persechino are dismissed.

---

denied it and found that the Second Amended Complaint sufficiently alleges violations of the Deceased's constitutional rights by the NYPD Defendants.

## CONCLUSION

For the reasons contained herein, the Court finds that Plaintiff has standing to assert claims against the NYPD Defendants and denies their motion to dismiss. (MTD, Dkt. 60.) Consequently, the Court reconsiders its prior contrary ruling, and vacates the Clerk's Judgment issued on June 24, 2019. (Dkt. 54.) Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court dismisses all claims newly asserted against the OCME Defendants in the Second Amended Complaint. The Clerk of Court is respectfully directed to update the docket sheet to add, and then terminate, Dennis Cavalli, Nicola Zuill, and Florlana Persechino as Defendants in this action. The Court also notes that it previously dismissed any claims brought by Roxanne Purcell on behalf of K.A.B. Jr., and respectfully directs the Clerk of Court to remove K.A.B. Jr. from the case caption. Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 19, 2020
 Brooklyn, New York