```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ROXANNE PURCELL ex rel ESTATE OF
GARLAND TYREE JR.,
                                                                    MEMORANDUM & ORDER
                        Plaintiff,                                  18-CV-3979 (PKC) (RLM)

        - against -

CITY OF NEW YORK; JAMES HAYES;
ANTHONY LISI; SHAWN MCLAUGHLIN;
ROBERT REED; MATTHEW GRANAHAN;
ROBERT SCHIERENBECK; NOAH
MOLINA; and RICHARD COLANGELO,

                        Defendants.
-------------------------------------------------------x
```
PAMELA K. CHEN, United States District Judge:

  Roxanne Purcell brings this action on behalf of the Estate of Garland Tyree Jr. alleging constitutional violations by the City of New York and officials from the New York City Police Department and New York City Fire Department of New York ("FDNY"), in connection with the death of her son, Garland Tyree Jr., on August 15, 2015. (Second Amended Complaint ("SAC"), Dkt. 58-1.) Currently pending before the Court is Plaintiff's objection to the ruling of the Honorable Roanne L. Mann, Magistrate Judge, denying Plaintiff's motion for the United States Marshals Service to serve third-party subpoenas. (Plaintiff's Motion for Reconsideration and Objection ("Pl.'s Obj."), Dkt. 79.) For the reasons contained herein, the Court affirms the ruling of Judge Mann.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 72, a party may serve and file objections to a Magistrate Judge's ruling on a non-dispositive matter within fourteen days after service of the ruling. Fed. R. Civ. P. 72(a). Thereafter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "Matters concerning discovery generally are considered non[-]dispositive of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *see also NYU Winthrop Hosp. v. Microbion Corp.*, 405 F. Supp. 3d 387, 390 (E.D.N.Y. 2019) (stating same). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that mistake has been committed," *NYU Winthrop Hosp*, 405 F. Supp. 3d at 390 (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Contr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 622 (1993)), and "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure," *id.* (quoting *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013)). This standard is "highly deferential" and "thus the movant carries a heavy burden." *Id.* (internal quotation marks, alteration, and citation omitted).

**DISCUSSION**

On June 18, 2020, Judge Mann issued a memorandum and order (the "M&O"), that, *inter alia*, denied Plaintiff's motion for the United States Marshals Service to serve third-party subpoenas. (M&O, Dkt. 78.) Judge Mann noted that Plaintiff "seeks audio, video[,] and photo documentation from news organizations that were present on the day of events leading to the death of her son," but found that "[u]nfortunately, [P]laintiff's *in forma pauperis* [("IFP")] status does not entitle her to service of discovery subpoenas by the U.S. Marshals Service." (*Id.* at 1–2

2

(collecting cases).) Judge Mann further noted that, due to the current pandemic, service by the U.S. Marshals is currently suspended. (*Id.* at 2.)

In her objection, Plaintiff argued that "it is logical to require subpoenas requested by [IFP] 'litigants to be issued at government expense as part of the operational expenses of the courts.'" (Pl.'s Obj., Dkt. 79, at 2 (quoting *Coleman v. St. Vincent De Paul Soc'y*, 144 F.R.D. 92, 95 (E.D. Wis. 1992)).) Plaintiff asserts that she was granted IFP status, which extends to all purposes of the case and "was created under 28 U.S.C. § 1915 to help indigent civil litigants overcome financial obstacles that come with commencement and continuance of a civil action to protect individual rights." (*Id.* at 1.) Plaintiff also argues that "[s]ome courts have interpreted [IFP status] . . . as an authorization to require the government to pay fees on behalf of *in forma pauperis* litigants." (*Id.* (citing, *inter alia*, 28 U.S.C. § 1915(d)).) Plaintiff further notes that the Pro Se Litigation Guidelines for the *Western* District of New York provide that a litigant granted IFP *may* be granted service by the United States Marshals Service of court documents beyond the complaint, and that, on this issue, there is a split among district courts in this Circuit, which the Second Circuit has never addressed. (*Id.* at 2.)

The Court finds that Judge Mann's ruling is neither clearly erroneous nor contrary to law. It is well-established that Plaintiff's "[IFP] status does not authorize the district court to pay for [her] discovery costs or direct the U.S. Marshal to effect service of a subpoena." *Boudreau v. Smith*, No. 17-CV-589 (SRU), 2019 WL 3973997, at *10 (D. Conn. Aug. 22, 2019) (citing *Garraway v. Morabito*, Nos. 99-CV-1913 (HGM), 03-CV-1710 (TJM), 02-CV-766 (TJM), 02-CV-848 (TJM), 02-CV-1117 (TJM), 2003 WL 21051724, at *7 (N.D.N.Y. May 8, 2003); *Malsh v. Police Dept. of City of N.Y.*, No. 92-CV-2973 (KTD), 1995 WL 296735, at *2 (S.D.N.Y. May 16, 1995); *Doe v. United States*, 112 F.R.D. 183, 185 (S.D.N.Y. 1986)); *see also Lewis v. Watson*,

No. 18-CV-1725 (VLB), 2020 WL 1452363, at *1 (D. Conn. Mar. 25, 2020) ("[A]lthough plaintiff is proceeding [IFP] in this case, that status does not authorize the court to pay his discovery costs. . . . As plaintiff is not entitled to court payments of discovery-related expenses in general, he is not entitled to service of his discovery subpoenas.") (collecting cases).[1]

The Court also notes that Plaintiff relies on the Pro Se Litigation Guidelines for the Western District of New York (Pl.'s Obj., Dkt. 79, at 2), which are not binding on this Court. Moreover, these Guidelines do not require judges in that district to order the United States Marshal to serve subpoenas, but simply permit judges to do so in their discretion.

Likewise, Plaintiff's reliance on the logic of *Coleman* is misplaced. While the Court agrees that to "allow[] an IFP litigant to commence an action but never to complete it because of the IFP's litigant's inability to pay [] fees and other expenses . . . would be wholly illogical," and is inconsistent with 28 U.S.C. § 1915, the court in *Coleman*, 144 F.R.D. at 95, in ordering the United States Marshals Service to pay the costs associated with subpoenaing trial witnesses on the plaintiff's behalf, "emphasized" that "[a]n IFP litigant should only be entitled to subpoena witnesses for trial at government expense after a preliminary and complete showing of the materiality and necessity of each witness." *Id.* at 96. *Coleman* also emphasized that the court still

---

[1] The Court notes that while this principle is well-established outside of this district, the Court has not identified any decision within the district that unequivocally makes this finding. In the decision cited by Judge Mann, *Zukowski v. N.Y.C. Transit Authority.*, No. 06-CV-2980 (RJD) (LB), 2009 WL 10701830, at *3–4 (E.D.N.Y. Sept. 25, 2009), the district court, although affirming the correctness of the Magistrate Judge's "finding that 'plaintiff's [IFP] status did not cover' service of subpoenas," *id.* at *3, further recognized that "the unacceptable result here is that we are asked to decide the trial-worthiness of plaintiff's ADA non-disclosure claim while aware that evidence of what [Defendant New York City Transit Authority] communicated to DOL [the Department of Labor] about plaintiff has not yet been produced[,]" *id.* at *4. This prompted the district court to find "the record and the nature of plaintiff's claims, involving a range of alleged (and often insidious) disabilities, militate in favor of affording plaintiff some modest additional time and assistance to see her discovery efforts through." *Id.*

retained discretion to determine the number of witnesses that would qualify for such services.  *Id.* (collecting cases).  Although the Court is sympathetic to Plaintiff's claim that if she is "forced to cover the expense of serving the subpoenas, it will cost [her] hundreds of dollars for which [she] will have to take a loan out against [her] life insurance policy," and her argument that without service of the third-party subpoenas she "will be disadvantaged in proving the claims, given the chaotic moments of the day" (Pl.'s Obj., Dkt. 79, at 3), Plaintiff has not asserted or shown that she would be unable to pursue her civil case absent service by the U.S. Marshals of these third-party subpoenas.

## CONCLUSION

The Court affirms the June 18, 2020 Memorandum and Order of Magistrate Judge Roanne L. Mann (Dkt. 78).  Additionally, a review of the docket shows that Defendant Lt. James Hayes, of FDNY Engine 158, has not yet been served in this matter.  Pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75–76 (2d Cir. 1997), by September 7, 2020, Corporation Counsel is respectfully directed to ascertain a current address where Defendant Hayes may receive service of process.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 17, 2020
         Brooklyn, New York