UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROXANNE PURCELL *ex rel* Estate of Garland
Tyree Jr.,

                Plaintiff,                           MEMORANDUM
                                                    AND ORDER

                -against-                           18-CV-3979 (PKC)

CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------------------------------x
ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

By letter-motion received on February 20, 2021, *pro se* plaintiff Roxanne Purcell ("plaintiff") seeks an order compelling defendants City of New York and several named NYPD officers (collectively, "defendants") to produce certain documents in discovery. See Letter Motion to Compel (filed on Feb. 24, 2021) ("2/24/21 Mot. to Compel"), DE #96. For the reasons, and to the extent described below, plaintiff's motion is denied in substantial part.

## BACKGROUND

Plaintiff alleges that her son, Garland Tyree Jr. (the "decedent"), was fatally shot by members of the NYPD, in violation of his constitutional rights.[1] On August 15, 2015, the decedent barricaded himself in his apartment at 15 Destiny Court in Staten Island. See Second Amended Complaint (Oct. 21, 2019) at ECF p. 6, DE #58-1. During the incident, four shots were fired, and the decedent was fatally wounded. See id. at ECF p. 7.

---

[1] Familiarity with the history of the case is assumed. Suffice it to say, this is the third civil rights lawsuit that plaintiff has filed in this District regarding her son. See Purcell v. City of New York, No. 18-CV-3979 (PKC) (RLM); Purcell v. Bureau of Alcohol, Tobacco, & Firearms, No. 17-CV-2742 (PKC) (RLM); Purcell v. N.Y.P.D., No. 17-CV-5673 (PKC) (RLM).

On January 27, 2020, plaintiff filed a letter complaining that the City defendants failed to "comply with the court order of disclosure of relevant documents[,]" and accused them of attempting to "stonewall the timely process of [her] claim." Plaintiff's Motion for Order Compelling Discovery (Jan. 27, 2020), DE #68 at ECF p. 6. Since it was undisputed that plaintiff had not served defendants with the document requests underlying her motion to compel, the Court treated plaintiff's letter as the operative document request and directed defendant to respond. See Memorandum and Order (May 4, 2020), DE #72. The Court also denied defendants' motion to stay discovery due to the difficulties created by the COVID-19 pandemic, but extended their time to respond to plaintiff's requests. See id. at 2.

On June 18, 2020, the Court granted plaintiff's request for an extension of the fact discovery deadline to November 12, 2020. See Memorandum and Order (June 18, 2020), DE #78.

By letter dated November 11, 2020, plaintiff sought a further extension of time to complete discovery and requested the issuance and service of subpoenas on then-defendant FDNY Lt. James Hayes[2] and on the federal agencies that were involved in the incident underlying the complaint. See Motion to Compel Discovery (Nov. 12, 2020), DE #85. Plaintiff also sought the production of "material they have removed off my son's laptop and IPad and IPhone[.]" See id. at 2.

At a conference held on December 3, 2020 to address plaintiff's motion, the Court found moot plaintiff's request to issue a subpoena for then-defendant James Hayes, since

---

[2] Plaintiff subsequently withdrew her claim against Lt. Hayes. See Minute Entry (Feb. 4, 2021).

2

counsel for the City had waived service of the summons and complaint on his behalf. See Minute Entry and Order (Dec. 3, 2020) ("12/3/20 Minute Entry"), DE #90; see also Waiver of Service (Nov. 16, 2020), DE #89. The parties were directed to confer on a mechanism for plaintiff to depose Mr. Hayes or otherwise obtain his testimony. See 12/3/20 Minute Entry. As to documents sought from federal agencies, the Court urged defendants to produce documents in their possession that would otherwise be available pursuant to a FOIL request, and to confer with the U.S. Marshals Service ("USMS") about the City's producing documents as to which the USMS had requested restricted dissemination. See id. Defendants also agreed to investigate plaintiff's assertions that certain of the decedent's electronic devices were missing data when they were returned to plaintiff. See id.

In a letter received by the Court on December 10, 2020, plaintiff moved to compel responses to her requests for documents and interrogatories. See Letter to Court dated 12/10/20 objecting to defendants' discovery responses (filed on Jan. 2, 2021), DE #92. Because there was no indication that plaintiff had conferred with defense counsel before filing her motion, or had served him with a copy of the letter, this Court denied plaintiff's motion without prejudice. See Electronic Order (Jan. 2, 2021).

By the instant motion, received by the Court on February 20, 2021, plaintiff seeks to compel defendants to, among other things, "respond with specificity to each set of plaintiff's interrogatories and deposition by written questions of [non-parties] FDNY Lt. J. Hayes, R.W. Anton and N. Yelenovic(PO), . . . [and] provide a service address, [p]hone number and email of [] parole officer, [c]ourt Official[s], NYPD or any other government law enforcement agency witnesses, who possess the material and information sought by plaintiff . . . ."

2/24/21 Mot. to Compel at 2, ¶ 4.  In addition, plaintiff seeks certain specific discovery materials: an inventory of items "collected off the body of" the decedent in his residence or from his vehicle (id. ¶ 3); forensics, ballistics, or DNA evidence from inside the decedent's residence (id. ¶ 3(i)); a copy of any electronic or audio/video data collected from decedent's electronic devices (id.); copies of the warrant for the decedent's arrest and the affidavits submitted in support of the warrant (id. ¶ 3(ii), (iv)); audio and video communications between the decedent and the NYPD hostage negotiation team (id. ¶ 3(iii)); and records concerning the "surveillance and investigation" of the decedent by the Richmond County District Attorney's Office and the DEA (id. ¶ 3(v)).

## DISCUSSION

Depositions of Lt. Hayes, R.W. Anton and N. Yelenovic

Because plaintiff gave notice that Lt. Hayes' deposition would be conducted in writing (DE #95 at ECF pp. 1-7), and that appears to be the method contemplated by plaintiff's motion to compel (DE #96 at ECF p. 2, ¶ 4), Lt. Hayes is directed to respond to the deposition questions plaintiff propounded (DE #95 at ECF pp. 4-6), by April 23, 2021.  However, plaintiff is not entitled to take Lt. Hayes' deposition a second time upon oral questions.  See Fed. R. Civ. P. 30(a)(2)(A)(ii) (requiring leave of court where "deponent has already been deposed in the case"), 31(a)(2)(A)(ii) (same).  Plaintiff's request is denied without prejudice.

As for plaintiff's request for an order to take depositions upon written questions of "R.W. Anton and N. Yelenovic(PO)," the Court infers from the notice of deposition served by plaintiff that these individuals are federal parole officers.  See DE #95 at ECF pp. 8-10; see also Response in Opposition re [] Letter Motion to Compel (Mar. 3, 2021) ("3/3/21 Def.

4

Resp.") at 2-3, DE #98.  As the decedent was on federal supervised release, the City has no control over federal agencies or employees, and thus cannot produce the relevant witnesses for deposition.  See 3/31/21 Def. Resp. at 4.

Property Inventory

Plaintiff seeks information regarding any property that was recovered by the police from the decedent's person, residence or motor vehicle.  See 2/24/21 Mot. to Compel at 2, ¶ 3.  Defendants explain that they have already produced some responsive documents, including a list of "items that were recovered from Mr. Tyree's home, near his person, and inside his vehicles[.]"  3/3/21 Def. Resp. at 4.  Further, defendants "are still searching for several outstanding property vouchers[,]" and "have been producing them on a rolling basis to plaintiff."  Id.; see DE #98-2 at ECF p. 10 (identifying documents by Bates-stamp).  Without deciding the relevance of such records, the Court rules that since defendants have committed to producing responsive documents, they should complete their search and produce all responsive documents in their possession by April 23, 2021.

Data from Electronic Devices

Plaintiff seeks a "[c]opy of the duplication" of the contents of any electronic devices that may have been recovered from the decedent's residence.  See 2/24/21 Mot. to Compel at 2, ¶ 3(i).  While responding that data extracted from the decedent's electronic devices are available for copying, defendants object on grounds of relevance and burden.  See 3/3/21 Def. Resp. at 5; Response in Opposition re [] Motion to Compel Discovery (Nov. 16, 2020) ("11/16/20 Def. Resp.") at 2, DE #88.  As discussed at the December 3, 2020 conference, the information sought by plaintiff is not relevant to the claims in this case.  Nevertheless, in

5

order to avoid having to respond to a FOIL request, the City is again urged to consider producing any electronic data that it recovered. See 12/3/20 Minute Entry ("Defendants should consider producing information that would be available pursuant to a FOIL request, even if not discoverable.").

Arrest Warrant and Affidavits

The Court construes this aspect of plaintiff's request as seeking the "certif[ied]" arrest warrant for the decedent and the affidavits of two U.S. Parole officers, submitted in connection with the application for the warrant. See 2/24/21 Mot. to Compel at 2, ¶ 3(ii), (iv). According to defendants, they obtained from the District Court for the Eastern District of New York, and produced to plaintiff, "a copy of the August 6, 2015 warrant for the decedent's arrest for violating the conditions of his supervised release, and the corresponding petition for the warrant from the U.S. Department of Probation." 11/16/20 Def. Resp. at 2; see 3/3/21 Def. Resp. at 5; DE #98-3 at ECF p. 7 (identifying documents by Bates-stamp). Moreover, the copy of the warrant produced to plaintiff bears the signature and seal of the Clerk of Court. See 3/3/31 Def. Resp. at 5. Therefore, plaintiff's request is denied as moot.

Forensic, Ballistics and DNA Evidence

Defendants did not directly address plaintiff's request for "[f]orensic, ballistics and biological/DNA evidence collected" inside the decedent's residence. See 2/24/21 Mot. to Compel at 2, ¶ 3(i). However, in defendants' written responses to other document requests, defendants produced the NYPD Force Investigation Division File and NYPD Crime Scene Unit File. See DE #98-2 at ECF p. 10. Presumably, at least some of the information plaintiff seeks was previously produced in those documents. Moreover, plaintiff has not

6

demonstrated that she served document requests seeking the documents at issue in this aspect of the motion. Accordingly, plaintiff's request is denied without prejudice. Nevertheless, treating plaintiff's motion to compel as a document request, defendants must provide a formal written response by April 23, 2021.

Surveillance Records

Plaintiff further requests information regarding surveillance on the decedent conducted by the "Richmond [C]ounty District[] Attorneys Office" and the "DEA." See 2/24/21 Mot. to Compel at 2, ¶ 3(v). In their responses to plaintiff's document requests, defendants stated that they do not possess any responsive documents. See DE #98-3 at ECF p. 8. Indeed, in a purported FOIL request docketed into the court file, plaintiff alleged that it was the DEA and ATF that had her son under surveillance. See DE #93 at ECF p. 2. Defendants have confirmed in their response to plaintiff's motion that they do not have any documents regarding an investigation conducted by the DEA. See 3/3/21 Def. Resp. at 6. Defendants are not required to produce documents that are not in their possession, custody or control. Defense counsel has "repeatedly advised plaintiff that requests for documents from federal agencies should be directed to those agencies as they are not under the control of the City." 11/16/20 Def. Resp. at 2. Accordingly, this aspect of plaintiff's request is denied.

Communications with Hostage Negotiation Team

Plaintiff seeks audio and video communications between the decedent and the NYPD hostage negotiation team. See 2/24/21 Mot. to Compel at 2, ¶ 3(iii). In response to plaintiff's discovery request, defendants previously stated that they do not possess any *audio* recordings. See DE #98-3 at ECF p. 6. Defendants must clarify in writing whether or not

7

they possess any relevant *video* recordings, by April 23, 2021.

Disclosure of Witnesses

Plaintiff further requests that defendants provide a "service address, [p]hone number and email" of government law enforcement agenc[y] witnesses[.]" Pl. Mot. at 2, ¶ 4. As discussed at the initial conference held on March 7, 2019, defendants served their initial disclosures on plaintiff at the early stages of the case. See Minute Entry (Mar. 7, 2019), DE #35. Those disclosures would have included the identity and contact information for each "individual likely to have discoverable information . . . that the [defendants] may use to support its claims or defenses." See Fed. R. Civ. P. 26(a)(1)(A)(i). Moreover, defendants are under a continuing obligation to supplement those disclosures as further information becomes available. See Fed. R. Civ. P. 26(e). Therefore, this aspect of plaintiff's request is denied as moot.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel is denied in large part. Defendants must serve supplemental responses by April 23, 2021, as discussed above.

**SO ORDERED.**

**Dated:   Brooklyn, New York**
**April 7, 2021**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**