```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ROXANNE PURCELL,
                                     Plaintiff,
                                                                    MEMORANDUM
                                                                    AND ORDER
            -against-
                                                                    18-CV-3979 (PKC)

CITY OF NEW YORK, et al.,
                                     Defendants.
----------------------------------------------------------------x
```

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

*Pro se* plaintiff Roxanne Purcell ("plaintiff") has filed a letter dated July 3, 2021, "asking the [C]ourt for help" in connection with her efforts to obtain "documents to help me proceed with this case" (DE #111 at 1, 2). Specifically, she complains that "they" (presumably either the Staten Island District Attorney's Office or the NYPD) failed to identify the officers who fired the shots that fatally wounded plaintiff's son ("decedent") or the individual who made the decision to move his body (id. at 1). She also notes that while the arrest warrant produced in discovery was issued by U.S. District Judge Raymond J. Dearie, "his signature is not on any other papers" (id.). Plaintiff additionally disputes the statement, in some of the paperwork disclosed to her, to the effect that decedent was unemployed, when in fact, she alleges, he had his own publishing company (id.). Lastly, plaintiff for the third time seeks data from decedent's electronic devices (id. at 2).

For a variety of reasons, this Court declines to "help" plaintiff in the manner she requests. As an initial matter, to the extent that plaintiff's July 3rd letter is construed as a motion to compel, she fails to supply the Court with copies of the discovery demands that she claims were not complied with, nor is it even clear as to whom those demands were directed. Moreover, some

of the information that plaintiff seeks may not have been documented, and parties and subpoenaed entities cannot be compelled to produce documents that do not exist or that are not in their custody, possession or control. See Williams v. Fire Sprinkler Associates Inc., CV 15-3147 (ADS) (AKT), 2017 WL 1155771, at *6 (E.D.N.Y. Mar. 27, 2017) (collecting cases). As for plaintiff's demand for data extracted from decedent's electronic devices, this is the third time that plaintiff has raised the issue with this Court: at a hearing held on December 3, 2020 (DE #90), and again in a Memorandum and Order issued on April 7, 2021 (DE #101 at 5-6), the Court ruled that the information sought by plaintiff was not relevant to the claims in this case; while declining to order the production of that data, the Court nevertheless encouraged defendant City of New York to produce the data (see DE #90 and DE #101 at 5-6). In connection with the claims in this lawsuit, plaintiff is entitled to no more than that.

Finally, the Court notes that following multiple extensions of time, discovery closed on June 14, 2021 (see 4/29/21 Order). Plaintiff's discovery motion is therefore untimely. See Owen v. No Parking Today, Inc., 280 F.R.D. 106, 113-14 (S.D.N.Y. 2011).

For the foregoing reasons, plaintiff's July 3rd application for judicial intervention is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
July 8, 2021

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**